## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID HIGGINS, | ) ) ) | |
| Petitioner, | ) ) | No. 13-cv-00238 |
| v. | ) ) ) | Judge Andrea R. Wood |
| MICHAEL ATCHISON, Warden, Menard Correctional Center, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner David Higgins, a state prisoner serving a term of life imprisonment for eight counts of predatory criminal sexual assault, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Respondent Rick Harrington, Warden of the Menard Correctional Center ("Menard"),[1] has moved to dismiss the Petition as untimely under 28 U.S.C. § 2244(d)(1). (Dkt. No. 14.) For the reasons set forth below, the Court finds that Higgins's § 2254 petition was timely and therefore denies Harrington's Motion to Dismiss.

## BACKGROUND

Higgins's conviction stems from his repeated sexual abuse of his stepdaughter beginning when she was six or seven years old. (Dkt. No. 15, Ex. A at 1-2.) After three or four years of abuse, the then ten-year-old victim finally revealed it to her fifth-grade teacher and Higgins was arrested. (*Id.* at 2.) At trial, the State presented testimony from the victim, as well as incriminating DNA evidence collected from semen on the victim's underwear. (*Id.*) Higgins did

---

[1] Because Rick Harrington has replaced Michael Atchison as Warden at Menard, Harrington automatically replaces Atchison as the respondent in this case. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

not testify at trial and presented no witnesses in his case in chief. (*Id.*) A jury convicted Higgins on eight counts of predatory criminal sexual assault, and the court sentenced him to a term of life imprisonment based on his criminal history. (*Id.*)

On appeal, Higgins argued that his conviction should be reversed because the trial court erred in delaying a ruling on his motion *in limine* to bar use of his prior criminal sexual assault conviction for impeachment. (*Id.* at 1-2.) The appellate court affirmed Higgins's conviction, holding that Higgins's failure to testify rendered any potential harm from the trial court's delay wholly speculative. (*Id.* at 2-4.) The Illinois Supreme Court denied Higgins's ensuing petition for leave to appeal ("PLA") on March 25, 2009. (Dkt. No. 15, Ex. B.) The United States Supreme Court subsequently denied Higgins's petition for a writ of certiorari on January 11, 2010. (Dkt. No. 15, Ex. E at 2-3; *Higgins v. Illinois*, 558 U.S. 1120 (2010) (Mem.).)

On June 8, 2010, Higgins mailed the state circuit court a *pro se* petition for relief under Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, raising various claims. (Dkt. No. 15, Ex. I at 30.) The circuit court held that the majority of these claims had been forfeited under Illinois law, as they could have been raised on direct appeal but were not. (Dkt. No. 15, Ex. E at 4.) The circuit court further ruled that one of Higgins's claims—that Higgins's appellate counsel was ineffective for failing to raise various claims on direct appeal—had not been forfeited, as it could not have been raised on direct appeal. But the circuit court found Higgins's arguments regarding this claim to be meritless. (*Id.* at 12-13.)

On post-conviction appeal, the Office of the State Appellate Defender moved for leave to withdraw as appointed counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), concluding that "an appeal in this consolidated cause would be without arguable merit." (Dkt.

No. 15, Ex. G ¶ 5.) On January 18, 2012, the appellate court granted the motion to withdraw and affirmed the circuit court's dismissal of the post-conviction petition. (Dkt. No. 15, Ex. C ¶¶ 5-6.)

Under Illinois state law, Higgins had 35 days after the appellate court's determination (or until February 22, 2012) to file a timely post-conviction PLA with the Illinois Supreme Court. *See* Ill. Sup. Ct. R. 315(b). However, Higgins filed a motion with the Illinois Supreme Court requesting an extension of time to file his PLA, which was granted on February 23, 2012.[2] (Dkt. No. 18, Ex. A.) The extension gave Higgins until March 28, 2012 "to file a timely [PLA] . . . to this Court." (*Id.*) Higgins mailed his ensuing PLA from Menard on March 28, 2012. (Dkt. No. 15, Ex. H.) The Illinois Supreme Court acknowledged its receipt of Higgins's PLA in a letter describing his petition as "timely filed as of March 28, 2012." (Dkt. No. 18, Ex. B.) The Illinois Supreme Court denied review on May 30, 2012. (Dkt. No. 15, Ex. D.) According to the certificate of service, Higgins placed the Petition in the Menard postal system on December 7, 2012. (Dkt. No. 1 at 57.)

## DISCUSSION

Harrington argues that because Higgins's Petition was filed more than one year after the conclusion of direct review of his conviction, the Petition is time-barred under § 2244(d)(1)(A). Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The record does not indicate when Higgins filed his motion for an extension of time, but logically it had to have occurred sometime prior to February 23.

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). Higgins does not allege a State-created impediment to filing, a newly recognized constitutional right, or a factual predicate for his claims that could not have been discovered earlier through the exercise of due diligence. Accordingly, only § 2244(d)(1)(A) is relevant to the current motion.

For purposes of § 2244(d)(1)(A), if a prisoner seeks a writ of certiorari from the United States Supreme Court, judgment becomes final when the United States Supreme Court affirms the petitioner's conviction on the merits or denies the certiorari petition. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012). Thus, Higgins's state court conviction became final on January 11, 2010, when the United States Supreme Court denied Higgins's petition for a writ of certiorari. (Dkt. No. 15, Ex. E at 2-3; *Higgins*, 558 U.S. at 1120.)

The limitations period then ran 148 days—from January 11, 2010 until June 7, 2010, as Higgins mailed his petition for post-conviction relief on June 8, 2010. Section 2244(d)(2) of AEDPA tolls the statute of limitations for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Because Higgins mailed his post-conviction petition on June 8, 2010 (Dkt. No. 15, Ex. I at 30), the statute of limitations was tolled beginning on that date. *See People v. Saunders*, 633 N.E.2d 1340, 1341 (Ill. App. 2d Dist. 1994) (under Illinois law, a post-conviction petition is considered to be filed on the day it was mailed); *Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir.

4

2012) (for purposes of § 2244(d) analysis, federal courts follow the state's application of the "mailbox rule" to determine when a prisoner's post-conviction petition begins pending). Thus, as of June 8, 2010, 217 days of § 2244(d)(1)'s 365-day limitations period remained.

The limitations period remained tolled until May 30, 2012, when the Illinois Supreme Court denied Higgins's PLA. The Illinois Appellate Court issued judgment affirming the dismissal of Higgins's post-conviction petition on January 18, 2012. (Dkt. No. 15, Ex. C.) Under Illinois law, Higgins then had 35 days—or until February 22, 2012—to file a timely post-conviction PLA, and the limitations period was tolled during this period. *See* Ill. Sup. Ct. R. 315(b) (allowing 35 days to file PLA following appellate court's judgment); *Johnson v. McCaughtry*, 265 F.3d 559, 562-63 (7th Cir. 2001) (AEDPA's statute of limitations is tolled under § 2244(d)(2) between the date of one appellate court's decision and the petitioner's filing of a further appeal). But on February 23, 2012, the Illinois Supreme Court granted Higgins an extension until March 28, 2012 "to file a timely [PLA] . . . to this Court." (Dkt. No. 18, Ex. A.) Higgins mailed his post-conviction PLA on March 28, 2012 (Dkt. No. 15, Ex. H at 19), and the Illinois Supreme Court accepted his PLA on that date. (Dkt. No. 18, Ex. B.) As discussed further below, the statute of limitations was tolled throughout this time period. The limitations period began running again on May 30, 2012, when the Illinois Supreme Court denied Higgins's PLA. (Dkt. No. 15, Ex. D.) Higgins mailed his Petition 191 days later on December 7, 2012. (Dkt. No. 1 at 57.) Thus, Higgins's Petition was timely by 26 days.

Harrington argues that the Illinois Supreme Court's extension of time for Higgins to file his post-conviction PLA did not toll the statute of limitations. (Reply Br. at 5, Dkt. No. 19.) Under this theory, the statute of limitations continued to run during the 35 days between February 22, 2012 and March 28, 2012, making Higgins's Petition untimely by 9 days.

5

The Court disagrees. "The time that an application for state post-conviction review is 'pending' [and therefore tolled under § 2244(d)(2)] includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original). Higgins's PLA was timely under Illinois law: the Illinois Supreme Court granted Higgins until March 28, 2012 to file a "timely" PLA (*see* Dkt. No. 18 Ex. A), and later confirmed that Higgins's PLA was "timely filed as of March 28, 2012." (*Id.* at Ex. B.) Illinois statutory law specifically empowers the Illinois Supreme Court to grant such extensions. *See* Ill. Sup. Ct. R. 315(b). Because Higgins's PLA was deemed "timely under state law" by the Illinois Supreme Court, the statute of limitations was tolled between the Illinois Appellate Court's dismissal of Higgins's post-conviction petition on January 18, 2012 and March 28, 2012, when the Illinois Supreme Court accepted Higgins's "timely filed" PLA.

Harrington cites *Griffith v. Rednour*, 614 F.3d 328 (7th Cir. 2010), in support of the proposition that the statute of limitations continued to run between February 22, 2012 and March 28, 2012. In *Griffith*, the Illinois Appellate Court had affirmed an order denying the petitioner's petition for collateral review. *Id.* at 329. Subsequently, the petitioner missed his deadline for filing his PLA with the Illinois Supreme Court, but filed the PLA two weeks later along with a motion asking the court to accept his filing *instanter*. *Id.* The Illinois Supreme Court granted the motion and accepted the filing *instanter*, but ultimately denied petitioner's PLA. *Id.* On federal habeas review, the district court held that the petitioner's appeal was untimely and dismissed the petition. *Id.* According to the district court, the petitioner's appeal was no longer "pending" after the deadline for filing the PLA expired, and the statute of limitations ran from that date until the time when the petitioner filed his PLA and motion for leave to file *instanter*. *Id.* On appeal, the

petitioner argued that the Illinois Supreme Court's eventual acceptance of his PLA meant that the petition was timely as a matter of state law, and consequently his appeal had been "pending" continuously from the decision of the Illinois Appellate Court through the time when the Illinois Supreme Court denied his PLA. *Id.* at 330. The Seventh Circuit disagreed and affirmed the district court's decision. *Id.* at 331. The court, citing *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000), reasoned that the petitioner's proceedings were no longer "pending" once the time in which to timely file his petition ended, and that the Illinois Supreme Court's decision to accept the untimely petition would not retroactively serve to toll the federal statute of limitations under § 2244(d)(2). *Id.* at 331.

*Griffith* does not control the instant case. Unlike the petitioner in *Griffith*, who waited until after the expiration of his 35-day deadline to file his PLA along with a motion for leave to file *instanter*, Higgins requested an extension from the Illinois Supreme Court prior to the expiration of his 35-day deadline.[3] Thus, the concerns that the Seventh Circuit expressed in *Griffith* and *Fernandez* are not present in the instant case. Those cases rejected the idea that a state court's acceptance of a late filing could have the retroactive effect of making the state court case "pending" for purposes of § 2244(d)(2). *See Griffith*, 614 F.3d at 330 ("The point of *Fernandez* is that state courts' decisions do not have retroactive effect."). The instant case does not implicate such concerns, as the Illinois Supreme Court granted prospective—not retroactive—relief to Higgins.

Because Higgins timely filed his Petition, there is no need to address the equitable tolling issue briefed by the parties.

---

[3] Because the Illinois Supreme Court granted Higgins's motion on February 23, 2012, it stands to reason that Higgins sent this motion on February 22 or before. The Court thus applies Illinois's "mailbox rule" and deems that Higgins filed his motion for an extension of time prior to the February 22 deadline for him to file his PLA. *See Saunders*, 633 N.E.2d at 1341.

7

## CONCLUSION

For the foregoing reasons, the Court denies Respondent's motion to dismiss the Petition (Dkt. No. 14). Respondent shall have thirty (30) days from the entry of this Order to answer the allegations in the Petition. Petitioner shall then have thirty (30) days to reply. The Clerk shall substitute Rick Harrington, the current Warden of the Menard Correctional Center, as the Respondent in the caption.

Dated: September 29, 2014

ENTERED:

Andrea R. Wood
United States District Judge