IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID HIGGINS, ) ) ) Petitioner, ) ) v. ) ) JACQUELINE LASHBROOK, Warden, ) Menard Correctional Center, ) ) Respondent. ) | No. 13-cv-00238 Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Petitioner David Higgins, a state prisoner serving a term of life imprisonment for eight counts of predatory criminal sexual assault, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Respondent Jacqueline Lashbrook, Warden of the Menard Correctional Center,[1] opposes the Petition on the grounds that all of Higgins's claims have been procedurally defaulted and that no exceptional circumstances warrant review of the merits of his claims. (Dkt. No. 32.) The Court agrees and therefore denies the Petition.

### BACKGROUND

**I. Trial and Direct Appeal**

Higgins's conviction stems from his repeated sexual abuse of his stepdaughter beginning when she was six or seven years old. (Ex. A of State Court Record at 1–2, Dkt. No. 33-1.) After three or four years of abuse, the then ten-year-old victim revealed the abuse to her fifth-grade teacher and Higgins was arrested. (*Id.* at 2.) At trial, the State presented testimony from the

---

[1] The case was initially captioned with Michael Atchison as Defendant in his capacity as Warden at Menard. Because Jacqueline Lashbrook now holds that position, Lashbrook has been substituted for Atchison as the respondent in this case. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

victim, as well as incriminating DNA evidence collected from semen on the victim's underwear. (*Id.*) Higgins did not testify at trial and presented no witnesses in his case in chief. (*Id.*) A jury convicted Higgins on eight counts of predatory criminal sexual assault, and the trial court sentenced him to serve a term of life imprisonment based on his criminal history. (*Id.*)

On appeal, Higgins argued that his conviction should be reversed because the trial court erred in delaying a ruling on his motion *in limine* to bar use of his prior criminal sexual assault conviction for impeachment. (*Id.* at 1–2.) The appellate court affirmed Higgins's conviction, holding that Higgins's failure to testify rendered any potential harm from the trial court's delay wholly speculative. (*Id.* at 2–4.) The Illinois Supreme Court denied Higgins's ensuing petition for leave to appeal ("PLA") on March 25, 2009. (Ex. B of State Court Record, Dkt. No. 33-2.) And the United States Supreme Court subsequently denied Higgins's petition for a writ of certiorari on January 11, 2010. (Ex. E of State Court Record at 2–3, Dkt. No. 33-5; *Higgins v. Illinois*, 558 U.S. 1120 (2010) (Mem.).)

## II. Illinois State Post-Conviction Proceedings

On June 8, 2010, Higgins petitioned *pro se* to the state circuit court for relief under Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* (Ex. I of State Court Record at 30, Dkt. No. 15-9.) In this petition, Higgins raised the following claims:

(1) his trial counsel was ineffective for:

    (a) failing to suppress evidence recovered from the victim's home;

    (b) not challenging State-witness testimony;

    (c) failing to discover exculpatory medical evidence;

    (d) failing to investigate the case;

    (e) failing to object to gallery members creating a spectacle during defense counsel's closing;

2

(f) failing to interview victim's little sister or Higgins's son;

(g) failing to investigate Higgins's history of mental illness;

(h) agreeing to incriminating stipulations, without consulting with Higgins;

(i) failing to advise trial court that jury began deliberation prior to close of the evidence;

(j) failing to object to admission of other instance of predatory criminal sexual assault; and

(k) failing to object to expert testimony that the victim was trustworthy and regarding terms that the victim used in describing her abuse;

(2) the State did not present sufficient evidence to convict Higgins;

(3) Higgins was prejudiced by the alleged interruption of his defense counsel's closing argument;

(4) the State failed to establish a chain of custody for the victim's underwear;

(5) Higgins's sentence was unconstitutional as it at least partially relied on his prior sexual assault conviction;

(6) Higgins was denied his speedy-trial right;

(7) Higgins's appellate counsel was ineffective for:

   (a) failing to raise Higgins's Confrontation Clause claim;

   (b) failing to raise use of Higgins's prior sexual assault conviction in sentencing;

   (c) failing to raise the improper admission of Higgins's silence;

   (d) failing to raise the trial court's failure to conduct a competency hearing;

   (e) failing to raise trial counsel's ineffectiveness for failing to properly prosecute the case and conceding Higgins's guilt;

   (f) failing to challenge a jury instruction; and

   (g) failing to raise all of the other issues Higgins identified in his post-conviction petition; and

(8) the State violated his Fourth Amendment rights by taking a sample of Higgins's DNA via buccal swab.

(*See generally* Ex. I of State Court Record, Dkt. No. 15-9.) The state circuit court held that all of the issues but for (7) had been forfeited under Illinois law, as they could have been raised on direct appeal but were not. (Ex. E of State Court Record at 4, Dkt. No. 33-5.) The circuit court further ruled that, although (7) had not been forfeited, Higgins's arguments regarding this claim were meritless. (*Id.* at 12–13.)

On post-conviction appeal, the Office of the State Appellate Defender ("OSAD") moved for leave to withdraw as appointed counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) ("*Finley* motion"), concluding that "an appeal in this consolidated cause would be without arguable merit." (Ex. G of State Court Record ¶ 5, Dkt. No. 33-7.) In response to the *Finley* motion, Higgins raised the following issues:

(1) his trial counsel was ineffective for:

    (a) failing to hire an expert to participate in DNA testing;

    (b) failing to prevent collection of Higgins's DNA, which was already available in a sex-offender database;

    (c) failing to move to suppress the State's DNA evidence or question the DNA analysis;

    (d) failing to investigate the lack of medical evidence to support the sexual abuse allegations;

    (e) failing to present evidence of victim's emergency room examination;

    (f) failing to become informed of the case, evidence, and Higgins's alibi; and

    (g) failing to consult with Higgins regarding stipulations;

(2) his appellate counsel was ineffective for:

    (a) failing to raise trial counsel's ineffectiveness regarding stipulations to the chain of custody evidence;

(b) failing to pursue trial counsel's objections to the State's opening statement, Dr. Marjorie Fujura's speculation about the genital exam, and collection of Higgins's DNA via buccal swab;

(c) failing to challenge the denial of Higgins's motion for directed verdict; and

(d) failing to advise petitioner on issues to be raised on direct appeal;

(3) the State presented insufficient evidence to convict him;

(4) the trial court erred in excluding testimony regarding Higgins's confession; and

(5) his sentence violated the Illinois Constitution and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

(*See generally* Ex. P of State Court Record, Dkt. No. 33-16.) On January 18, 2012, the appellate court granted the motion to withdraw and affirmed the state circuit court's dismissal of the post-conviction petition. (Ex. C of State Court Record ¶¶ 5–6, Dkt. No. 33-3.)

Higgins then mailed his ensuing PLA to the Illinois Supreme Court. (Ex. H of State Court Record, Dkt. No. 33-8.) In his PLA, Higgins raised the following issues:

(1) his trial counsel was ineffective for:

(a) failing to hire an expert to participate in DNA testing;

(b) failing to prevent collection of petitioner's DNA, which was already available in a sex-offender database;

(c) stipulating to the chain-of-custody evidence; and

(d) failing to introduce prior inconsistent statements made by the victim regarding when Higgins sexually assaulted her;

(2) his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in connection with the trial court's decision to defer its ruling on petitioner's motion *in limine* to prohibit use of petitioner's prior sexual-assault conviction for impeachment;

(3) the State presented insufficient evidence to convict him;

5

(4) the trial court erred in instructing jurors regarding consideration of the dates on which Higgins sexually assaulted the victim;

(5) his speedy trial rights were violated;

(6) his mistrial claim was not considered; and

(7) his sentence was unconstitutional.

The Illinois Supreme Court denied review on May 30, 2012. (Ex. D of State Court Record, Dkt. No. 15-4.) Higgins thereafter filed the instant Petition with this Court.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant *habeas* relief unless the state court's decision was contrary to, or an unreasonable application of, federal law clearly established by the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 402–03 (2000); *Pinno v. Wachtendorf*, 845 F.3d 328, 331 (7th Cir. 2017). However, in order for a federal court to address the merits of a claim raised in a *habeas* petition, the petitioner must not have procedurally defaulted raising that claim. *Coleman v. Thompson*, 501 U.S. 722, 729–730 (1991); *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A claim may be procedurally defaulted if the petitioner fails to raise an issue adequately on direct or post-conviction review. As the Seventh Circuit has explained:

> [T]he state courts must have had a 'fair opportunity' to consider a question of constitutional import before federal collateral review on that question is appropriate. A 'fair presentment' of a petitioner's claims requires that a petitioner give state courts 'a meaningful opportunity to pass upon the substance of the claims [that petitioner] later presses in federal court. To satisfy that requirement, an inmate must present both the operative facts and the legal principles that control each claim to the state judiciary.

*Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (internal quotation marks and citations omitted). Importantly, the petitioner must fairly present his or her claim to state courts by asserting it through at least one complete round of state-court review, either on direct appeal

6

or in post-conviction proceedings. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). This requires that the petitioner "raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A claim is also procedurally defaulted based on the independent and adequate state ground doctrine "when a state court [has] declined to address a prisoner's federal claims because the prisoner [has] failed to meet a state procedural requirement." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002).

If a claim is procedurally defaulted, in order for this Court to review the merits of a *habeas* petition, the petitioner must establish that: (1) good cause exists for the default and actual prejudice was suffered as a result, or (2) the default would lead to a "fundamental miscarriage of justice." *Morales v. Johnson*, 659 F.3d 588, 604 (7th Cir. 2011). "The fundamental miscarriage of justice exception requires the *habeas* petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010) (internal quotation marks omitted).

In his Petition, Higgins raises the following issues:

(1) his trial counsel was ineffective for:

    (a) stipulating to the chain of custody of physical evidence recovered from the victim's house;

    (b) failing to prevent collection of Higgins's DNA, which was already available in a sex-offender database;

    (c) failing to hire an expert to assist with the DNA test that incriminated petitioner;

    (d) failing to investigate the lack of medical evidence to support sexual abuse allegations;

7

(e) failing to interview the emergency-room employee who examined the victim;

(f) failing to subpoena a 2002 Department of Children and Family Services report, which contained "no finding of sexual . . . abuse";

(g) failing to obtain a 2004 order of protection against Higgins;

(h) failing to subpoena 2000–2004 Department of Human Services records; and

(i) failing to introduce evidence of "petitioner[']s long work hours" and other documentation showing petitioner's movements and periods of incarceration between 2001 and 2004;

(2) the State failed to prove Higgins guilty beyond a reasonable doubt;

(3) Higgins's sentence was unconstitutional because it was based partially on his prior criminal sexual assault conviction; and

(4) appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in connection with the trial court's decision to defer its ruling on Higgins's motion *in limine* to prohibit use of his prior sexual-assault conviction for impeachment.

(*See generally* Petition, Dkt. No. 1.)

## I. Procedural Default

All of the claims that Higgins raises in his Section 2254 petition have been procedurally defaulted. As explained above, Higgins was required to "fairly present" his claims to the state courts through one complete round of state-court review, raising those claims at "each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Richardson*, 745 F.3d at 268. However, based on the Court's review of Higgins's petition before this Court in comparison to his presentation of issues at the various stages of his direct appeal and post-conviction proceeding, Higgins did not raise issues (1)(a), (1)(d), (1)(e), (1)(f), (1)(g), (1)(h), (1)(i), and (3) on direct appeal and he did not raise those issues in his post-conviction PLA before the Illinois Supreme Court. (*See generally* Ex. H of State Court Record, Dkt. No. 33-8.) As such, Higgins did not present the claims based on those issues at "each and

8

every level in the state court system" in a direct or post-conviction proceeding, and thus those claims are procedurally defaulted.

Issues (1)(b), (1)(c), and (4) are on a slightly different footing: those issues were not raised on direct appeal or before the state circuit court on Higgins's post-conviction petition, but they were raised later in Higgins's post-conviction proceedings. Issues (1)(b) and (1)(c) were raised by Higgins first before the state appellate court in response to OSAD's *Finley* motion. The state appellate court affirmed the circuit court's dismissal of the post-conviction petition, simply stating that it "had carefully reviewed the record in the case, counsel's memorandum, and defendant's response, and [it] agree[d] that an appeal in this cause would be without arguable merit." Thereafter, Higgins raised issues (1)(b) and (1)(c), as well as issue (4), in his PLA before the Illinois Supreme Court; the PLA was simply denied without further elaboration.

The Seventh Circuit has held that in these circumstances, the petitioner has not "fully and fairly present[ed]" his claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1031 (7th Cir. 2004) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Everette v. Roth*, 37 F.3d 257, 261 (7th Cir. 1994)). That is, since the issues were not presented to the state circuit court, they could not have been considered by that court, and thus the subsequent summary affirmances of the state circuit court's decision by the state appellate court and the Illinois Supreme Court "can be construed only to reach those claims" that were raised in the original petition before the state circuit court. *Id.* As a result, issues (1)(b), (1)(c), and (4) are also procedurally defaulted.

Finally, issue (2) was properly raised at each and every level of the Illinois state courts on Higgins's post-conviction petition. The problem for Higgins is that the state circuit court held that issue (2) had been forfeited under Illinois law, as it could have been raised on direct appeal but was not. Illinois's rule barring post-conviction review of claims that could have been, but

9

were not, raised on direct appeal is an independent and adequate state ground doctrine that results in procedural default. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009); *see also People v. Pitsonbarger*, 793 N.E.2d 609, 619 (Ill. 2002) ("[A] post-conviction proceeding [under the Illinois Post-Conviction Hearing Act] allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal.").

The state circuit court's determination was thereafter affirmed by both the state appellate court and the Illinois Supreme Court in summary dispositions without further elaboration. Because the state courts must actually rely on the independent and adequate state grounds in order for it to count as procedural default, *Moore*, 295 F.3d at 774, this Court must verify that the state appellate court and Illinois Supreme Court actually relied on the independent and adequate state grounds that (2) was forfeited for Higgins's failure to raise it on direct appeal.[2] "When the last state court to address the petitioner's claim has not identified the basis for its decision, the reviewing court 'must make a determination on the record that the state court was presented with [the argument]. . . . Specifically, [the court] must look to the nature of the disposition and the surrounding circumstances. . . .'" *Edmonson v. Harrington*, No. 09-cv-2073, 2013 WL 2178320, at *4 (N.D. Ill. May 20, 2013) (quoting *Woods v. Schwartz*, 589 F.3d 368, 375 (7th Cir. 2009)). Here, given that the state circuit court expressly dismissed issue (2) because it had not been raised on direct appeal and that OSAD's *Finley* brief emphasized the fact that issue (2) had been forfeited as it had not been raised on direct appeal, the Court determines that the state appellate

---

[2] Though the state circuit court did expressly rely on this independent and adequate state ground, if the state appellate court or Illinois Supreme Court grounded their decisions on a different basis, that would control since the last-in-time decision is what matters. *Edmonson*, 2013 WL 2178320, at *4 ("Thus, if the decision of the last state court to which the petitioner presented his federal claims rests primarily on or is interwoven with a resolution of the merits and does not clearly and expressly rely on the procedural default, there is no independent and adequate state procedural ground barring habeas review."); *see also Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002) ("[W]hen state courts disagree about the right ground of decision, the ruling of the last state court to articulate a reason governs.").

court's affirmance of the state circuit court's decision and the Illinois State Supreme Court's denial of Higgins's PLA were made on the same basis. Thus, issue (2) is also procedurally defaulted.

## II. Consideration of Merits Despite Procedural Default

Higgins appears to argue that this Court should reach the merits of his petition, despite the procedural defaults, as there is good cause—namely, that he received ineffective assistance from his appellate counsel on direct appeal. "To use the independent constitutional claim of ineffective assistance of appellate counsel as cause to excuse a procedural default, [a petitioner is] required to raise this ineffective assistance of counsel claim through one full round of state court review . . . ." *Rembert v. Calloway*, No. 16 C 4049, 2017 WL 748588, at *4 (N.D. Ill. Feb. 27, 2017) (citing *Richardson*, 745 F.3d at 272). Higgins did not raise his ineffective assistance of appellate counsel claim through one full round of state court review, and thus he cannot rely on this to establish cause. Nor has Higgins given this Court any reason to think that failure to review the merits of his *habeas* petition would result in a fundamental miscarriage of justice. Thus, the Court will not look past the procedural defaults to consider the merits of Higgins's petition.

## III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A *habeas* petitioner does not have the absolute right to appeal a district court's denial of his *habeas* petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (per curiam). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See*

*Miller-El*, 537 U.S. at 336; 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted). In cases where a district court denies a *habeas* claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)). As the Court finds that no reasonable jurist would find it debatable whether Higgins procedurally defaulted on his claims, the Court declines to certify any of Higgins's issues for appeal.

## CONCLUSION

For the foregoing reasons, the Court denies Higgins's petition for a writ of *habeas corpus* and declines to certify any issues for appeal.

ENTERED:

Dated: January 16, 2018

_____
Andrea R. Wood
United States District Judge